UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MARK ONDIS,                        :
                                         :
          Plaintiff,                     :
                                         :
v.                                       :          CASE NO. 8:18-cv-3107-T-35TGW
                                         :
RP FUNDING INC., *et al.*,               :
                                         :
          Defendants.                    :
_____  :

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's

Application to proceed in District Court Without Prepaying Fees or Costs (Short Form)

(Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint

against the defendants.

First, it is worth mentioning that based on the wording in Document 1,

it appears the plaintiff is seeking to remove a case that he originally filed in the Tenth

Judicial Circuit in Polk County (see Doc. 1).  However, "federal law is clear that

removal is limited to defendants and a plaintiff cannot remove."  Eldred v. Seafarer

Exploration Corp., 2013 WL 5954788 *1 (M.D. Fla. 2013); See also 14C Wright &

Miller, Federal Practice & Procedure, § 3730 ("Sections 1446(a) and 1455(a) of Title

28 authorize only the state-court defendants to remove cases to federal court...plaintiffs

cannot remove....").  Therefore, the plaintiff may not remove his case to this court.  If

this is not the situation, it is unclear based on the plaintiff's filings.

Further, under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a rambling, disjointed document that does not comply with the Federal Rules of Civil Procedure (see Doc. 1-1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" or a statement of the grounds upon which the court's jurisdiction depends. Rule 8, Fed.R.Civ.P. The plaintiff's complaint certainly does not delineate the alleged causes of action into separate numbered counts with the pertinent facts supporting each claim. See Rules 8(a)(2), 10(b), F.R.Civ.P. Rather, the seventeen-page document contains incomprehensible sentences and it is impossible to discern any possible claims or a basis for this court's jurisdiction.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260-61 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the

district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY _3_, 2019

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.